Argued and submitted January 3, reversed and remanded in part; otherwise
affirmed March 5, 1997

# STATE OF OREGON,
# DEPARTMENT OF HUMAN RESOURCES,
*Respondent,*

*v.*

# Mark A. OFFENBACHER,
*Appellant,*

*and*

# Patti L. OFFENBACHER,
## nka Valenzuela,
*Obligee-Respondent.*

## (95C-35243; CA A93032)

934 P2d 582

A. B. Cummins, Jr., argued the cause and filed the briefs for appellant.

Richard F. Alway argued the cause and filed the brief for respondent Patti L. Offenbacher.

No appearance for respondent Department of Human Resources.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

### EDMONDS, J.

Father appeals a child support judgment arising out of an administrative child support modification proceeding. ORS 416.425. The parties have two minor children, Jordan and Shaun. Father assigns error to the court's calculation of the amount of child support for Shaun and to its requirement that he provide health insurance for mother and Jordan.[1] We review *de novo*, ORS 19.125(3), and reverse in part.

Because of a change in circumstances, Support Enforcement Division sought a determination as to whether an existing order regarding father's child support obligation for Shaun should be modified. A hearing was held before a referee, who ordered father to pay increased child support. Father appealed to the circuit court pursuant to ORS 25.316(5).[2] After a *de novo* hearing, the circuit court ordered father to pay an amount of child support based on its computations that included a "regular physical custody model" for Shaun and father's future "potential" income. Father assigns error to the court's calculation.

OAR 137-50-450 prescribes the method of calculating child support when parents share physical custody and provides in part:

"Shared physical custody is defined as a situation when * * * by court order, one parent has physical custody not more than 65 percent of the time, and the other has physical custody not less than 35 percent of the time."

The "percent of the time" referred to in the rule is determined by "computing the percentage of overnights [that] the children spend with each parent * * *." *Southwell and Spettel*, 119 Or App 366, 371, 851 P2d 599 (1993). The trial court declined to use the shared custody formula and instead treated custody of Shaun as if he were in the sole physical

---

[1] Jordan has spent some time in the custody of the state of Oregon, which accounts for the different treatment regarding the children in the trial court's orders.

[2] ORS 25.316(5) provides:

"Any appeal of the decision of the * * * Support Enforcement Division made under subsection (4) of this section is to the circuit court for a hearing de novo."

custody of mother. In this case, the extent of overnight visitation by father was established by the prior court order. The order provides that father shall have physical custody of Shaun on alternate weekends, beginning after school on Thursday and ending when school begins on Monday.

At hearing, the court said, "I'm not going to allow [father] credit on a Thursday night. It's not really a savings." Based on that decision, the court refused to apply the "shared physical custody" formula for purposes of the calculation of child support for Shaun. The trial court was not at liberty to decline to give effect to the provisions of the prior order under the rule. It erred by not counting Thursdays as an "overnight" and by excluding those nights from its computations. We remand for the court to recompute the amount of support based on a percentage of "overnights" that includes alternate Thursdays.

Next, father assigns error to the court's calculation of child support based on his future "potential" income. Because the court will be required to recalculate child support on remand, we address father's assignment. OAR 137-50-360(1) provides, in part:

"If a parent is unemployed, employed on less than a full-time basis or there is no direct evidence of any income, child support shall be calculated based on a determination of potential income."

The uncontroverted evidence is that father is employed 20 hours per week at $5 per hour and works in his own business an additional 20 to 25 hours per week. Full-time work is considered to be 40 hours per week. OAR 137-50-360(2)(b). The trial court disregarded the time that father spent in his own business because it believed that the business was not and would never be profitable. The business is a distributorship for home-care products. The trial court indicated that in its experience,

"I've never known anybody to really make a decent living or anything adequate out of it. * * * I've got a 16 year old daughter in high school [who] makes more per hour and more per month than you do. I'll give you three months to get a decent job."

To make the potential income criteria under OAR 137-50-360(1) applicable, the parent must be unemployed or employed on less than a full-time basis. Father is not unemployed, and when the time spent on his own business is considered with his other part-time employment, he is employed full time as defined by the rule. The rule does not authorize the trial court to segregate part-time employment from consideration under the rule because it believes the employment to be unprofitable. Moreover, the trial court's application of the rule to these facts is inconsistent with the reality that many people in our society are employed at more than one job in order to maintain full-time employment. We conclude that the trial court's disagreement with father's choice to pursue his own business on a part-time basis is not a ground for calculation of his child support obligations under OAR 137-50-360(1).[3]

Finally, father assigns error to the court's order that he provide mother and Jordan with medical insurance coverage. The transcript and the exhibits do not reveal sufficient evidence on these issues for our review. Therefore, father's assignments of error cannot be considered.

Reversed and remanded for recalculation of child support; otherwise affirmed. Costs, not including attorney fees, to father.

---

[3] Our decision does not preclude the possibility that the circumstances of father's business fall within the provisions of a different rule.